May it please the court. My name is Lucian Gilliam. I represent Deandre Green on a grant of summary judgment that his rights to a prompt first appearance were violated by Phillips County. The judge granted summary judgment finding that Mr. Green had received a first appearance in Phillips County after new evidence was found within about five days before a trial and after summary judgment had already been denied and after they admitted in this case and another that he had not received a first appearance. There are two bases for jurisdiction to handle a first appearance which makes it a void act as though it never happened and therefore there was no first appearance. And two, that the defendant should have been stopped from raising these arguments. Counsel, can I ask you, what is the constitutional violation that you're alleging here? It's not clear to me on the base, you know, what the underlying violation is here. I don't think the constitutional issues are addressed at all in your brief. The underlying violation is that under Hayes v. Faulkner County an individual is entitled to a prompt first appearance to have bail set. Is that a due process claim you're raising? It's a violation of his right to a first appearance. I think it's that he was held in jail with an opportunity to get bail for 90 days. But what is the constitutional violation? Because I think there's some confusion in my mind and because I think there isn't a record, you know, what's the real basis here? What's the constitutional provision that's at issue? And when I read the district court's opinion, I think there's a reference there to a due process violation and then the opinion seems to assess a Fourth Amendment violation. I'm wondering if you can help me figure out what the issue is. Well, to me, the issue is that in Hayes v. Faulkner County, the Eighth Circuit said that a defendant, a criminal defendant, who's been arrested is entitled to a prompt first appearance under the U.S. Constitution. It's also true under the Arkansas Constitution. And he didn't get a prompt first appearance. He was in jail for 90 days without that. And the argument is because the judge that provided that appearance lacked jurisdiction? Is that following you? Yes, sir. Under Arkansas law, if there's no jurisdiction, then the act is a nullity. The hearing, if it even occurred, is a nullity. And there are two reasons that there wasn't He was arrested on June 28th. On June 29th, the Phillips County District Court held a probable cause hearing. And then this alleged first appearance would have occurred on July 1st, according to the defendants. The problem with that is that under Hill v. Foster and a number of other cases that are cited in Hill v. Foster, once one court has taken up jurisdiction of a matter, another court can't take it except on an appeal. And so once Phillips County had this case, once the District Court had this case, Ashley County could not take it up. And the next issue is that we don't think that even if Phillips County had not previously held this probable cause hearing, we still don't think Ashley County would have had jurisdiction. And the reason, you know, this gets into an issue of statutory interpretation. And basically the District Court, in looking at the statutes, noted, it's 1688-101, noted that under the first portions of the statute, it indicates that, you know, the Senate, the Supreme Court, the Circuit Court shall have original jurisdiction. And that these meant a particular Circuit Court, not just any old Circuit Court, that it's the Circuit Court with territorial jurisdiction. And then it talked about ADA-101-C, where it says, a District Court may issue arrest warrants and search warrants and may perform other pretrial functions as authorized by the Arkansas Rules of Criminal Procedure, and found that basically a District Court is not, you're not talking about a specific District Court, so it could be any District Court. Now, what we feel was the problem here is that they ignored the last cause of that in the prosecution of a person for an offense within the exclusive jurisdiction of the Circuit Court. So, we think that this issue is, because if you're talking about the Circuit Court, that's a specific Circuit Court with territorial jurisdiction, according to the Court, and so we think that this, a District Court, is restricted by that last part, the Circuit Court. And the reason that you would say a District Court is there can be multiple District Courts under a Circuit Court, and multiple District Judges under a Circuit Court. And if you look at the rest of the statutes, we think that they, if you're looking at both Rule 8, which deals with first appearances, and the rest of the statutes regarding these in Rule 8, is the Court is required to look at the relationship of the defendant to the community to determine if he's a flight risk. So, you're looking at, does he have family there? Does he work there? Is he working right now? Does he have people who help him get to court? Does he have people who will testify as to his character? And the thing is, is he can call witnesses as to that. But these first appearances were bailiffs that are, by their nature, something that occurs very quickly. And if you're carting some fellow off from Phillips County to a place two or three hours away in Ashley County, the problem that you run into under Rule 8 is that he can't get those witnesses there to talk about his community ties. He's only got himself. The judge is not even from that county. And in rural Arkansas, people know people. They know who their families are. And the judge, a lot of times, would on his own be able to assess the likelihood of a flight risk. But that can't be done down in Phillips County. So, what that means is that his right to get witnesses and to establish ties and community in order to get a lower bond set, one that he can afford, becomes illusory. It becomes null. It's nothing. Because he can't get witnesses there in one or two days to support it. If you look at Section 1-0... If you look at Section 1-0... This maybe is an unfair question. Yes, sir. It just keeps kicking around in my brain as you argue this. You know, they've been using video and telephonic conferences in North Dakota for inmates that are held 300 miles away. Well, since I was a state judge, which is now, I guess, nearly 16 years ago. I mean, doesn't that happen in Arkansas? It does happen in places in Arkansas, like Pulaski County, central Arkansas. It happens there, I know. And I know it happens in a number of other counties. It does not, or at least... And I can't even tell you what they're doing now in either Phillips or Ashley County. It didn't happen here. Okay, so there is no... As far as you know, there's not a process in place where everyone is accessed to interactive video within a region, which is... There are rules permitting that. But not required. From the Supreme Court. But it's not required, and it was not taking place in either Phillips or Ashley County. And just to go back to the... What's the basis of your argument? In Hayes, there's a statement by our court that there was a 14th Amendment due process. Yes, sir. Is that what you're trying to argue here? Yes, sir. I guess... I apologize. I guess I think I understand what you were trying to say now, Judge Copes. Yes. Yes. There's... Yes. Is there a procedure under Arkansas law for a bond review hearing? We spent a lot of time in our very first hearing talking... Our very first case talking about that. If at the first appearance, bonds denied or set too high, can you ask for a hearing? I'm sure you can. I mean, you can... I'm sure you can file... Have your public defender or your hired attorney file a motion and get reset. But, you know, that might be two weeks, three weeks, four weeks. You don't know that there... I mean, what we talked about in our very first case was there's no time limit in Missouri. There isn't such a thing as Arkansas. If you ask for one, you've got to get it in seven days or something like that? Now, I don't know of any rule saying that there is a time like that. If you ask for one, they must do it within any particular number of days. I was... It's not in Rule 8, I don't believe. I was looking at that quite a bit last night and I don't recall seeing anything like that where they have to do it within a certain number of days. And so it could be two, three, four weeks. You know, it could be 90 days as happened to Mr. Green. And there's a reason that there was a class action successfully prosecuted, not once but twice in the Covington and Thomas cases against Phillips County is that they weren't doing what they were supposed to be doing. And, you know, another thing that I would say is that, you know, 105C and 105B describe the jurisdiction of a local district court as offenses occurring within their jurisdiction. 102 says that a circuit court can enjoin an inferior court from acts that exceed its jurisdiction. And, you know, so the issue there, but it restricts it to district courts that are under it. So if he's down in Phillips County or Ashley County on a Phillips County case and the Ashley County district judge does something to exceed his jurisdiction, well, Phillips County is where the jurisdiction is. But the only place to go after the district court in Ashley County for exceeding its jurisdiction would be in Ashley County. And that's why you get into this issue where the Arkansas courts have said you can't have criminal defendants being ping-ponged between courts. Once one court assumes jurisdiction, it's with them because you get a danger of inconsistent rulings and just courts contradicting each other. I have one question I want to ask you. How can you make an argument that they're stopped as far as the class action is concerned when you're no longer a party to the class action? If you opt out of it, you're not a party, so you don't care what happens in the class action. Well, he opted out based on the representation that he was a legitimate class member. In terms of the email that cited it, I can't remember what page, all that paralegal was talking about in that email that was submitted was that she found dispositions in two cases. I'm sorry, what? She found dispositions in two of his cases, but there was a third case. She didn't find a disposition for it. They didn't have the records. But, I mean, for Prince's or Elizabeth Staple, if you're not in a case, how can you claim Staple for a case that you said, I don't want to be any party of, I'm opting out of it? Well, he was in the case, but he opted out based on the representation that he was a legitimate class member. So he would have been in it if they hadn't been making that representation. Now, the benefit they get from saying that he is a member of the class is that you get this class settlement that occurred that Phillips County agreed to and felt was good for them because they likely would have gone bankrupt if all those cases were brought individually. So that was the benefit they got. He opted out based on their representation, which is reasonable. And then, you know, five days before trial, everything changed. Ms. Adams. Good morning, Your Honors. May it please the Court. My name is Jenna Adams, and I represent Charlesburg Municipal Capacity or the City of Helena, West Helena in this case. I'm here today to ask that this Court affirm the District Court's ruling for the following reasons. The undisputed facts establish that Mr. Green received a first appearance in front of an Ashley County District Court judge. Second, Arkansas statutes, the Arkansas Rules of Criminal Procedure, and Arkansas case law establish that the Ashley County District Court judge had jurisdiction to perform Green's first appearance despite the fact that he was arrested in Phillips County and arrest warrants were issued in Phillips County. And finally, a stop rule is not appropriate here because the City did not change positions because its interests had changed by the new evidence was discovered showing that Green had received a first appearance. Mr. Green filed a complaint and a subsequent amended complaint alleging he did not receive a first appearance following his arrest. It was not determined until discovery was conducted which arrest Mr. Green was alleging he did not receive a first appearance. I was trying to figure out when Mr. Gillen was talking about whose email from which secretary informed him that there were records in two cases but not the third. Did that come from Phillips County? No. It was actually another attorney in my office. It was her paralegal and it occurred in the Thomas case, in the class action case. I believe it was on, I don't have the appendix number, I apologize. I did attach it to my reply to the motion for summary judgment at the District Court and the email was dated, I believe, in April of 2017. And it did identify two arrests for which Mr. Green was accepted as a class member in the Thomas case. What happened to those two arrests? He didn't sue on those. Okay. He brought this lawsuit, as I was saying, we didn't know when he filed the complaint which arrest he was claiming he did not receive a first appearance. Once we conducted discovery, I sent interrogatories and requests for production. He described the events, he still did not provide a date, but described the events of the arrest. I was able to determine, based on the incident reports, which arrest he was alleging. And then in his deposition actually asked him, is this the arrest for which you're claiming you did not get a first appearance? And he confirmed it was the June 28, 2013 arrest. So that's the one we got before us today? Yes. But in the class action, you had confirmed two other arrests that he had not received a first appearance on? We had confirmed that those arrests made him a class member, yes. All of the evidence in the record here today establishes that Green did in fact receive a first appearance on the June 28, 2013 arrest in front of an Ashley County District Court judge. We have a fax dated July 1, 2013 from the West Helena Police Department asking Ashley County District Court Judge Harrod to perform first appearances if possible. Within that fax were Green's June 29 probable cause affidavits and warrants, Rule 8 paperwork, a blank record of first judicial appearance form, and a list of public defenders. We also have a completed record of first judicial appearance form dated July 1, 2013, signed by both Judge Harrod and Mr. Green. That record of first judicial appearance states that Mr. Green was informed of his charges, his right to counsel, and a bond was set. And finally in the record we have Ashley County Sheriff's Office records indicating that Green was transported by Helena West Helena Police Department to his first appearance in Ashley County. The only evidence that Green has offered in this case to establish that he didn't receive a first appearance is his self-serving affidavit. And case law is clear that a properly supported motion for summary judgment is not defeated by self-serving affidavits. Therefore there is no disputed fact as to whether or not Mr. Green received a first appearance. Next, despite not being alleged in this complaint, Mr. Green argues that Ashley County District Court Judge did not have jurisdiction to perform his first appearance. The District Court correctly held that State District Court may perform pre-trial functions such as first appearances and is not limited by territorial jurisdiction. Arkansas Code Annotated 1688-101 governs the jurisdiction of Arkansas courts. Section C of that statute specifically states that a District Court may issue arrest warrants, search warrants, and may perform other pre-trial functions as authorized by the Arkansas Rules of Criminal Procedure and the prosecution of a person for an offense within the exclusive jurisdiction of the circuit court. Rule 8.1 of the Arkansas Rules of Criminal Procedure which governs first appearances states an arrested person shall be taken before a judicial officer without unnecessary delay. So is there, assuming that there was a first appearance, and assuming that the district judge had jurisdiction, is there any issue about whether there was unreasonable delay or the timing of this? I mean, he's not raised that issue on appeal. The District Court did address the constitutionality of the timeliness and determined that it was timely. The probable cause hearing was held. He was arrested on June 28th. The probable cause determination was held on June 29th. And that's where they went into the Fourth Amendment analysis. And then he got his first appearance on July 1st. And the court determined that that was timely. And that's not on appeal, that issue? I mean, he hasn't raised it in his brief. So I would assume no. I did address it in my brief. An abundance of caution. In Section C of 1688.101, the statute uses the article A instead of the, which is used in other sections. The District Court held that the use of A indicates that any district court may perform pretrial functions as authorized by the Arkansas Rules of Criminal Procedure. Interpreting the statute in this manner is supported by Arkansas case law. Specifically, Wagner v. State, Brink v. State, and Logan v. State. The Supreme Court in Wagner v. State actually interpreted the statute to say that district courts are not limited by territorial jurisdictions. Now that case involved search warrants, as it did the other cases, but it's still an interpretation of that statute to say that it is not limited by territorial jurisdiction. Thus, it's clear that district courts may perform pretrial functions such as first appearances and are not limited by territorial jurisdiction. Is there anything in the record about whether this is a routine practice in Arkansas? In other words, if prisoners are detained in facilities outside the county in which they're arrested, that the initial appearances are handled in the county where they're being detained by that judge? There's not any evidence in the record. It would be interesting to know. I would certainly think that if you're arrested in Asylum Springs up in northwest Arkansas and for an offense that occurred in Eudora, Arkansas, which is in the southeastern portion of the state, complete opposite ends of the state, in order to get somebody in the first appearance timely, I would think that in judicial efficiency, it certainly speaks to getting somebody in front of a judge, having the charges explained against them, having a bond being set, and telling you that you have a right to attorney. I don't think that necessarily needs to be done in front of the judge in which the charges are being brought. You're unaware of any practice? When I was a county magistrate a million years ago, we always had all kinds of people that were arrested pursuant to charges that may have been pending 400 miles away. The initial appearances were routinely brought before us because they were routinely brought before the nearest magistrate because under county of Riverside, everyone's terrified that you don't get them in and out before the sun sets a second time on them, right? And you're not aware of any practice like that in Arkansas? I mean, I'm not, mainly because it makes perfect sense, exactly how you just stated it. Why would you not want to get them in front of a judge quickly rather than having to take them 400 miles away? And I agree. Finally, Green argues that the city should be stopped from arguing that Green received a first appearance because he alleges that the city previously stated that he had not received a first appearance. We kind of hashed on this a little bit. We never made a representation that he did not receive a first appearance on this arrest. He was accepted as a class member in the Thomas class action. The only thing in the record in the Thomas case shows that Green was accepted as a class member. This email wasn't even made part of the record. I simply used it as evidence in this case to show that we did not make any representation as to this arrest that he's brought in this case. Judicial stop simply doesn't apply here for that reason and for the reason that the city discovered new evidence. We did not change positions, as he alleges. If your honors have no further questions, I will yield my time. There appears to be none. Thank you very much for your time. Thank you. Thank you. The email in question was at appendix page 654. Basically, she just said, I found dispositions for two cases. She didn't say there were no other cases or anything like that. One thing I would reiterate here is that as to the issue of jurisdiction, even if they are right as to a district court anywhere in the state being able to conduct a bond hearing, even though that would essentially make the opportunity for hearing completely illusory since the person couldn't get anybody there to demonstrate community ties and the judge wouldn't know anything about it. He could say he was employed somewhere and the judge wouldn't even necessarily know if that was an employer, for instance. That would make that bond hearing completely illusory, a joke. It would mean nothing. But even if that weren't the issue, Phillips County had already assumed jurisdiction. Thank you. Is there anything else to come before the court? No, your honor. Thank you very much for your time. The case will be taken under advisement. We will stand in recess until 8 p.m.